YIM QUON *vs.* A. J. CARTWRIGHT, Guardian.

IN EQUITY.  BEFORE PRESTON, J.

MARCH, 1887.

Plaintiff in equity alleged eviction from leased premises by the Government under alleged right of eminent domain: held, on demurrer, that the allegation was sufficient, and whether the Government took legal steps in the eviction is a matter of proof.

If plaintiff's allegations are true, he is entitled to an apportionment of rent, unless he has deprived himself of it by his conduct or neglect.

DECISION OF PRESTON, J.

The bill alleges a demise by Waiaha and Kaululena, her husband, to the complainant, of a piece of land upon Maunakea

street, Honolulu, for fifteen years from December 1st, 1881, at $25 per month, payable monthly in advance. That said lease contains a covenant for quiet enjoyment. That the reversion had been conveyed to George Holt and Annie Holt, minors, and that the defendant, Cartwright, had been duly appointed guardian. That the complainant had attorned and paid rent to the defendant as such guardian. That on the 18th of April, 1886, the buildings upon said land were destroyed by the fire that then swept over a large portion of the city. That immediately after the said fire the then Minister of the Interior issued a proclamation forbidding the rebuilding of structures upon certain portions of the burnt district, including the land so leased to complainant. That sometime after, in the said month, the Hawaiian Government, acting under its right of eminent domain, took possession of and evicted complainant from more than one-half of said premises, and that said eviction continues. That a portion of said premises from which complainant has been evicted consists of a strip about ten feet wide along said Maunakea street, and incorporated therein, and another strip about thirty feet wide along the makai side of said premises, which has been incorporated in New street. That the value of the premises left in possession of complainant is only one-half of the value of the whole premises comprised in said lease. That complainant has received no compensation from any source for such eviction. That complainant has paid no rent since said month of April, but has offered to pay a proportional part to the defendant, and that defendant has refused; and avers continual readiness and willingness to pay such proportional part.

The bill then avers proceedings by the defendant in the Police Court, Honolulu, against the complainant for a forfeiture for non-payment of rent, and prays for an apportionment of the rent and an injunction against the proceedings in the Police Court.

The defendant demurs to the bill: 1. For want of equity, and which was chiefly relied upon in the argument. 2. That it nowhere appears in said complaint that the complainant has

been evicted from any portion of the premises by a paramount title, or that the eviction alleged was legal, or that the Hawaiian Government has taken such steps as to acquire and perfect a legal title to such portions of said premises as complainant claims to have been evicted from, or that the eviction has continued to be and now is legal and by a paramount title.

I am of opinion that the bill discloses sufficient equity to put the defendant to answer. The bill might have alleged the matter more specifically, but it does allege an eviction by the Hawaiian Government by right of eminent domain, and I think I must presume, for the purposes of this case, that the Government has done all that is necessary by law to entitle them to evict the complainant. This is a matter of fact which must be proved at the hearing, if disputed by the defendant.

Supposing the allegations to be true, the complainant would be entitled to have the rent apportioned, unless by his conduct or neglect he may have deprived himself of this right as against the defendant.

I cannot understand by the allegation, that he has not received any compensation, whether he means that none has been awarded to him or that, if awarded, it has not been paid.

I overrule the demurrer; the defendant may answer within fourteen days.

*Ashford & Ashford,* for complainant.

*W. A. Kinney,* for defendant.

Honolulu March 9, 1887.