SCHOOL DISTRICT OF OGDEN v. SMITH.

Opinion delivered June 29, 1914.

1. SCHOOL DISTRICTS—CONDEMNATION OF LANDS.—The power conferred upon school districts under Act 376 of the Acts of 1911, as amended by Act 238 of the Acts of 1913, to condemn private property for school purposes, is similar to the power of eminent domain conferred upon railroad corporations. (Page 535.)

2. SCHOOL DISTRICTS—CONDEMNATION OF LANDS—DAMAGES.—The owner of lands which have been condemned for school purposes, is entitled to have his compensation from the time that the district filed its petition to condemn his land. (Page 536.)

3. SCHOOL DISTRICTS—CONDEMNATION OF LANDS—RIGHT TO POSSESSION.— Where a school district has condemned lands under Act 376, Acts of 1911, as amended by Act 238, Acts 1913, the right to the possession of the property becomes absolute in the district upon the payment of the compensation into court as prescribed by the statute, and when the order of court was made vesting title in the district, it relates back to the date of the filing of the petition for condemnation. (Page 536.)

Appeal from Little River Circuit Court; *Jefferson T. Cowling,* Judge; reversed.

STATEMENT BY THE COURT.

At the July term, 1913, of the Little River Circuit Court, the School District of Ogden, acting under the authority of Act 376 of the Acts of 1911, as amended by Act 238 of the Acts of 1913, filed its petition to condemn 8.14 acres of land owned by Frank Smith. The cause was tried on the 18th of July, 1913, and the jury assessed the compensation to be paid by the school district at the sum of $2,500. On the 9th of December, 1913, the school district instituted this suit against Frank Smith, and on the 8th of January, 1914, filed an amended and substituted complaint, which, in substance, is as follows: That plaintiff is a special school district (naming its directors), and that since the 26th day of July, 1913, it has been the owner of the following described land situated in the district (here follows a description of the 8.14 acres of land condemned); that it had title to said land under and by virtue of a judgment of the circuit court made on the 18th day of July, 1913, in a case wherein the school district was plaintiff and Frank Smith was defendant, for the condemnation of the above land; that the compensation assessed by the jury and the judgment of the court in that cause was fixed at the sum of $2,500; that on the 26th day of July, 1913, the school district paid the sum mentioned to A. T. Collins, sheriff of Little River County, in satisfaction of the judgment; that upon the payment of the sum named the title and right to the possession of the lands vested in the school district; that Frank Smith was, upon that day, notified of the payment made to the sheriff; that on the 3d day of September, 1913, the sheriff paid over to Ed Jones, clerk of the court, the above sum of $2,500, and that on the 13th day of October, 1913, the clerk paid the same to Frank Smith; that the court took an adjournment from the July term, 1913, until the 13th day of October, 1913, and on that day the circuit court rendered judgment vesting the title to the

above land in the school district; that the title and the right to possession of the land and all premises thereon, and appurtenances thereunto belonging were vested in the plaintiff on the 26th day of July, 1913, when it paid the compensation to the sheriff for the land; that if the title and right to possession did not vest in the plaintiff at that time, that it did vest and become absolute in the plaintiff on the 3d day of September, 1913, when the compensation was paid to the clerk; that possession of the land and premises was demanded of the defendant on the 26th day of July, 1913, and also on the 3d day of September, 1913, and was refused; that between July 26, 1913, and October 13, 1913, or between September 3 and October 13, 1913, there was situated upon the land potatoes, apples, peaches and corn which were a part of said premises and realty and which belonged to the school district, which were between said dates converted and · removed by the defendant, after the school district had paid the compensation; that the defendant, after the compensation was paid, used and kept for himself and his tenants four dwelling houses situated upon the land which were the property of the school district; that for the use of these houses the defendant is due to the school district the reasonable rental value thereof for the time held.  Then follows an itemized statement of the amount of the rents claimed, as well as the value of the potatoes, corn, apples, peaches, etc., claimed by the school district, of the total value of $300, for which plaintiff prayed judgment.

The judgment of July 18, 1913, was made an exhibit, and it recites that complaint was filed by the plaintiff against Frank Smith and Henry Moore, Sr., who held a mortgage upon the property, for condemning the 8.14 acres (which is described), and recites that the $2,500 compensation found by the jury as the value of the land condemned shall, within sixty days from the date of the judgment, be paid by the school district to the clerk of the court or the owner of the land, and that the title to the property "shall then be by proper order of the court

vested in the school district, otherwise the title to remain in Frank Smith and Henry Moore, Sr., as their interests may appear, and this cause is continued until the further order of this court, as to the vesting of the title to said property in said school district, and the distribution of said funds as between said Frank Smith and the said Henry Moore, Sr.''

The judgment of October 13, 1913, was also made an exhibit, and it recites "that on the 18th day of July, 1913, this cause was tried and submitted to a jury for the assessment of the damages or compensation to be paid by the plaintiff to the defendant for the land sought to be condemned; that the jury assessed the damages or compensation at $2,500, which was by the plaintiff school district paid to the clerk of this court within sixty days from July 18, 1913." It contained the further recital that the mortgage of Henry Moore, Sr., had been satisfied. It concluded with this recital: "It is, therefore, considered, ordered, adjudged and decreed that the following described property (here describing the tract of land in question) be and the same is hereby condemned under the right of eminent domain as vested in said school district by law, and the title to the same is hereby vested in said school district, free from all incumbrances whatsoever, together with all tenements, hereditaments and appurtenances thereunto belonging; and if necessary to secure said premises for said plaintiff, a writ of possession shall issue upon behalf of said plaintiff."

The defendant demurred to the amended and substituted complaint, setting up: First, the same does not state facts sufficient to constitute a cause of action; second, it is shown by the complaint and the decree of the circuit court of Little River County, Arkansas, which is specially referred to in the complaint and made part thereof (which decree was rendered on the 13th of October, 1913); that title to the property did not vest in the plaintiff until said 13th day of October, 1913;" and, therefore, plaintiff "has no cause of action against this defendant."

The court sustained the demurrer, and, plaintiff declining to plead further, its complaint was dismissed, and judgment for costs entered in favor of the defendant.

*A. D. DuLaney,* for appellant.

Act 376, Acts 1911, is based on § 22, art. 8, Constitution. Acts 1913, Act No. 238, § § 4, 5, 6. · School districts have the same authority and right of eminent domain as railroads. Appellee was paid for the land upon the value at the time of condemnation. 54 Ark. 140; 88 *Id.* 533; 15 Cyc. 926-1023; 16 L. R. A. (N. S.) 543, 538; 25 Mo. 277. The court erred in sustaining the demurrer. A corporation does not acquire title until the compensation is paid. Cases, *supra.*

*Henry Moore, Jr.,* for appellee.

1. The title does not vest in the district until confirmation of the award. 60 N. Y. 319; 25 Mo. 515; 66 Kan. 233-9; 28 L. R. A. (N. S.) 91.

2. The title did not vest until the damages have been paid. 59 Ark. 174; 78 *Id.* 184; 99 *Id.* 62.

WOOD, J., (after stating the facts). Section 4 of the act under which the condemnation of the property was obtained by the appellant provides, among other things, that "if the use or enjoyment of the property is needed forthwith for the construction of any building or proper carrying on of any school," the district may "request the court, or the judge thereof, at a convenient day, notice of such application being given such owner, to fix a proper sum of money to be deposited as security for the payment of such damages as may be assessed, whereupon they shall have authority to take immediate possession of such premises for uses as set up in their petition."

Section 5 of the act provides, "If the damages or proper compensation for such property are not agreed upon before the case is called for trial in its regular order, a jury shall be empanelled who, after hearing all the testimony, shall fix the compensation to be paid by such district, not exceeding the actual value of the land taken," etc.

And section 6 provides: "After the compensation is so fixed by the jury, as in the preceding section provided, the school district shall, within sixty days thereafter pay to the owner of said property, or to the clerk of the court wherein such verdict was rendered, the amount of such verdict, and the court shall thereupon enter an order condemning said property and vesting the title in the same for school purposes in said district; provided, either party shall have the right of appeal from any such order or judgment."

It thus appears that the power conferred upon school districts under the above act to condemn private property for school purposes is similar to the power of eminent domain conferred upon railroad corporations. See Kirby's Digest, § § 2947 and 2951 to 2957 inclusive.

In *Kansas City Southern Railway Co.* v. *Boles,* 88 Ark. 533, we held that the value of the land taken for right-of-way purposes was to be estimated as of the time when the petition for condemnation was filed. So here, appellee was entitled to have his compensation from the time that the appellant filed its petition to condemn his land and the jury, in awarding damages, estimated the value of the land at the time the petition was filed. Their award included the value of the land and all appurtenances thereon and the value of all crops growing thereon. It was tantamount to a sale from appellee to appellant with the surrender of the immediate possession to appellant, for this statute contemplates that the school district shall have the right to the immediate possession of the premises upon complying with the provisions of the statute in securing the compensation therefor to the owner, and, while the title to the property is not divested out of the owner and vested in the school district until the court shall have made an order condemning the property and vesting the title to same in the school district, nevertheless the district is entitled to the possession from the time it pays the amount of the award to the owner of the property or to the clerk of the court wherein the verdict was rendered for the owner's

benefit. The purpose of the statute was to give the school district the right of immediate possession upon the payment of the amount of compensation awarded by the jury, if possession had not been previously taken by order of the judge of the court upon securing the amount of such damages under section 4. The right to take immediate possession is conferred upon the school district when these damages are secured by a deposit as provided in section 4, and, if this is not done, then, construing the whole act, we are of the opinion that it was the purpose to give the district the right to the possession as soon as the compensation was paid, whether the order of the court condemning the property and vesting the title was immediately made thereafter or not.

If the school district pays into court the amount awarded as fixed by the jury, it is entitled to possession of the property from that time, the same as if it had purchased the same outright with a contract for immediate delivery, and if the owner, upon demand of possession by the district, refuses to surrender the same, whatever damages in the meantime may result to the district by reason of the refusal of the owner to surrender possession accrue to the district and the owner is liable to the district for the same.

The right to the possession of the property became absolute in the district upon the payment of the compensation into court as prescribed by the statute, and when the order of court was made vesting the title in appellant it related back to the date of the filing of the petition for condemnation. If the owner continues in possession after the compensation has been paid into court he, from that time on, is a mere tenant by sufferance. 15 Cyc. 926 and 1023. See, also, *Fort Wayne & S. W. Traction Co.* v. *Fort Wayne & Wabash Ry. et al.,* 16 L. R. A. (N. S.) 543.

It follows that the complaint stated a cause of action, and the court erred in sustaining appellee's demurrer

thereto and in dismissing the complaint.  The judgment is, therefore, reversed, and the cause will be remanded with directions to overrule the demurrer.