CONSOLIDATED AMUSEMENT COMPANY, LIMITED, *v.* CITY AND COUNTY OF HONOLULU.

No. 2037.

Argued December 4, 1931.          Decided December 8, 1931.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is a statutory submission of a controversy upon a statement of agreed facts.

On September 1, 1919, certain individuals referred to in the submission as the "Magoon Trust" leased in writing to the Consolidated Amusement Company, Limited, an Hawaiian corporation, a certain parcel of land situate on the southwest side of King street, Kapalama, in this city, containing an area of approximately 6700 square feet. The lease was for a term of thirteen years and eight months from September 1, 1919, and contained *inter alia* the following covenant: "that it" (the Consolidated Amusement Company) "will, whenever requested by the lessor so to do, deliver up to the lessor peaceable possession of such portion or portions of the land hereinbefore described which now is, or are, or hereafter during the continuance of the term hereof may be, required or condemned for street or road widening or otherwise for street or road purposes, without indemnity or reduction of rent." The lease contained another covenant that the lessee "will forthwith at its own expense build a brick, concrete or stone building on the land hereby demised, such building to cost and to be of the value of $25,000.00." Promptly after the execution of the lease the amusement company erected a brick or concrete theatre building on the demised land. By instrument dated August 21, 1920, the lease of September 1, 1919, was extended to the first day of September, 1944. The new lease or extension of

lease contains the same general terms, covenants and agreements as did the original lease, including the covenant first above quoted relating to surrender of possession for street widening purposes. During the year 1929, in accordance with law, the City and County of Honolulu proceeded with the widening of north King street, including the portion thereof on which the demised property and the theatre building thereon front. By deed dated May 14, 1929, the Magoon Trust sold and conveyed to the City and County of Honolulu approximately 1423 square feet of the 6700 square feet leased to the amusement company, the said 1423 square feet being the entire front part of the demised property facing on King street, subject, however, to all of the terms, conditions and covenants contained in the lease and subject to the said lease, dated September 1, 1919, and the extension thereof. By letter dated June 4, 1929, the respondent (the City and County of Honolulu) notified the amusement company to vacate the strip of land needed for street widening purposes, to-wit, the 1423 square feet fronting on King street and covered by the front part of the theatre building. By letter dated May 29, 1929, the Magoon Trust notified the amusement company to immediately surrender and vacate the same strip of land, in accordance with the terms of the covenant. "Pursuant to said order" of the city and county "but without waiving its claim for compensation and/or damages," the strip in question "was vacated by the amusement company and all of that portion of the front of the" theatre building "was cut off and razed or removed." In the language of the parties, "the removal of that part of" the theatre building "on said 1423 square feet leaves the balance of the building standing with the side and rear walls but the front wall gone, and the shell of the building wholly open to the street. The cost of replacing the front wall

is the sum of $4500."

The respondent claims that it is not liable to compensate the amusement company for any damages caused by the street widening or for the repair of the theatre building or the replacing of the front wall. The amusement company claims that the respondent is liable at least to replace the front wall or for damages or for compensation for the replacement. The parties stipulate that judgment be rendered "either that the amusement company take the sum of $4500 against the city in lieu of all compensation and/or other obligations on the part of the city caused by such street widening as to the specific property here involved, or that the amusement company take nothing." The question submitted to this court is whether upon the facts stated in the submission the respondent is liable to the amusement company for the damages caused by the removal of the front part of the building, standing on the portion of land conveyed to the respondent by the Magoon Trust.

In our opinion the language of the covenant of the amusement company in the lease is entirely clear and unambiguous. The covenant was that whenever it should be requested by the lessor so to do the amusement company would not only deliver peaceable possession of any portion or portions of the demised property required or condemned for street widening purposes, but that it would so deliver possession *without indemnity* or reduction of rent. "Without indemnity" means without compensation for any and all damages caused by the taking for road widening purposes. It cannot mean without indemnity for some items of damage but with indemnity for other items of damage. It is obvious from the terms of the lease that the parties thereto at the time of its execution contemplated the possibility of a portion of the demised land being required by the government for street

widening purposes. The express covenant on the subject shows this. With this knowledge the lessee saw fit to place the theatre building up to the then existing line of King street. It did this although it had expressly covenanted to waive all right to indemnity which it might otherwise have in the event of land being required or taken for street purposes.

The lease contains the usual provision that "the term 'Lessor' in these presents shall include the lessor and his successors in trust and assigns and also that the term 'Lessee' shall include the lessee, its successors and assigns." The respondent as assignee of the lessor was entitled to the benefit of the waiver of the lessee in the clause above quoted. The assignee likewise was thus expressly authorized by the lease to request delivery of possession of such portion or portions of the land as should be required for street widening purposes. Both parties, however, the lessor and the lessee's assignee, made the request, in writing. It seems to us to be immaterial that both of these requests were made after, and not before, the conveyance to the respondent. The covenant was clearly intended to meet such a situation as that which actually arose, to-wit, of the respondent requiring the land for road purposes and of the lessor conveying the land to the government without making a suit for condemnation necessary.

The contention of the plaintiff that upon the conveyance to the respondent the amusement company and the respondent became adjoining owners and that the respondent thereupon owed the duty to the amusement company, in cutting off the front part of the building, to afford protection to the remainder of the building by erecting a new front wall and making the necessary repairs, cannot be sustained for the reason that the parties expressly contracted, in contemplation of such an occurrence, that

the lessee would be obligated to surrender the strip of land without reduction of rent and without compensation or indemnity for the injuries caused by the taking or the surrender. In none of the cases cited by the plaintiff in aid of its contention was there a similar contract or covenant.

Judgment should be entered, in accordance with the stipulation, that the plaintiff take nothing.

*A. Withington* (*Robertson & Castle* on the briefs) for plaintiff.

*L. P. Scott,* Deputy City and County Attorney (*J. F. Gilliland,* City and County Attorney, with him on the brief), for defendant.