## UNITED STATES v. 21,815 SQUARE FEET OF LAND, MORE OR LESS, BOROUGH OF BROOKLYN, KINGS COUNTY, NEW YORK, et al.

### Appeal of COMET PRESS, Inc.

### Appeal of E. J. K. CORPORATION et al.

### Nos. 145–151.

Circuit Court of Appeals, Second Circuit.

June 18, 1946.

Nathan L. Goldstein, of New York City (Henry Herz, of New York City, of counsel), for appellant Comet Press, Inc.

Roe & Kramer, of New York City, (Charles P. Kramer and Henry Herz, both of New York City, of counsel), for appellants E. J. K. Corporation and others.

J. Edward Williams, Acting Head, Lands Div. Dept. of Justice, of Washington, D. C., Harry T. Dolan, Sp. Asst. to Atty. Gen., and Roger P. Marquis, Atty., Dept. of Justice, of Washington, D. C., for appellee United States.

Newman & Bisco, of New York City, (Allen Rogow, of New York City, of counsel), for appellee Manufacturers Trust Co., as trustee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

By this condemnation proceeding instituted on May 11, 1943 the United States acquired the exclusive use and occupancy of a loft building in Brooklyn, known as No. 1 Junius Street, for a term ending June 30, 1944, "together with the right to extend the same term for additional yearly periods thereafter" by the giving of notice, which right was duly exercised so as to extend the seized term to June 30, 1946. The owner of the building was The Manufacturers Trust Company as trustee. The appellants were its tenants, occupying space in the building under written leases none of which ran beyond December 31, 1945. One of the appellants, The Comet Press, Inc., sought compensation for the unexpired term of its lease and damages sustained by it in moving to a new location; the others claimed only damages resulting

from their enforced removal. The lease of each appellant except National Surgical Stores, Inc., whose claim will be discussed separately contained a condemnation clause[1] and an alteration clause[2] as printed in the margin. By a resettled order entered May 3, 1945, the District Court fixed the value of the use and occupancy acquired by the United States, directed payment of the award to the lessor and dismissed the claims of the lessees, who have appealed.

Whatever plausibility the appeals may have had at the time they were taken has been destroyed by the recent decision of the Supreme Court in United States v. Petty Motor Co., 326 U.S. ——, 66 S.Ct. 596. That case involved a condemnation clause in the lease of Independent Pneumatic Tool Company substantially the same as the clause in the appellants' leases. The decision is a complete answer to the contention that the clause contemplates the taking of the fee, not the taking of use and occupancy for a temporary term. It is true that the clause in the Tool Company's lease expressly mentioned "Federal, State, county, city or other authority" as the possible condemnor, while in the clause at bar the phrase is "any competent authority"; but that phrase is broad enough to include the Federal government, and the purpose was clear to terminate the lease when possession was taken by any condemnor in order to give the lessor the whole award.

Nor can we see any valid reason for a different conclusion in the case of the National Surgical Stores, Inc., although the clause[3] speaks of the condemnation of "the land" and makes the termination of the lease optional with the lessor. The word "land" includes buildings thereon and the express language gives the lessor the whole award in case the lessee is ousted: "No part of any award, however, shall belong to the Tenant." The lessor did exercise its option, the tenant paid no rent after the United States took possession, and the forfeiture related back to that date.

In so far as the appellants' claims are based on removal expenses, the Petty Motor case is again conclusive against them. In so far as they are based on loss of fixtures, it suffices to note that the unremoved fixtures belonged to the lessor by virtue of the alteration clauses.

Orders affirmed.

---

[1] "13. If the whole or any part of demised premises shall be taken or condemned by any competent authority for any public or quasi public use or purpose, then, and in that event, the term of this lease shall cease and terminate from the date when the possession of the part so taken shall be required for such use or purpose, and without apportionment of the award. The current rental, however, shall in any such case be apportioned."

[2] "4. Tenant shall make no alterations, decorations, additions or improvements in or to demised premises without Landlord's prior written consent, and then only by contractors or mechanics approved by Landlord. All such work shall be done at such times and in such manner as Landlord may from time to time designate. All alterations, additions or improvements upon demised premises, made by either party, including all panelling, decorations, partitions, railings, mezzanine floors, galleries and the like, shall, unless Landlord elect otherwise (which election shall be made by giving a notice pursuant to the provisions of Article 29 not less than 3 days prior to the expiration or other termination of this lease or any renewal or extension thereof), become the property of Landlord, and shall remain upon, and be surrendered with said premises, as a part thereof, at the end of the term hereof."

[3] "21st. That should the land whereon said buildings stand or any part thereof be condemned for public use, then in that event, upon the taking of the same for such public use, this lease, at the option of the Landlord, shall become null and void, and the term cease and come to an end upon the date when the same shall be taken and the rent shall be apportioned as of said date. No part of any award, however, shall belong to the Tenant."