CAPITOL MONUMENT COMPANY *v.* STATE CAPITOL GROUNDS COMMISSION.

4-9842                                                    251 S. W. 2d 473

Opinion delivered October 6, 1952.

*R. W. "Bob" Griffith,* for appellant.

*Bailey & Warren* and *E. R. Parham,* for appellee.

ED. F. MCFADDIN, Justice.   By Act No. 158 of 1949,[1] the Arkansas Legislature empowered the Capitol Grounds

---

[1] This Act was further enlarged by Act No. 246 of 1951.

Commission (hereinafter called "Commission"), to acquire, either by negotiated purchase or eminent domain, certain parcels of land near the State Capitol building. One of these parcels is here involved: it was owned by appellees, Martin and Kirby, and leased by them to appellant, Capitol Monument Company, for a place of business. In October, 1950, the Commission filed eminent domain proceedings for this parcel in the Pulaski Circuit Court, naming as defendants the landowners, Martin and Kirby, and also their lessee, Capitol Monument Company (hereinafter called "Monument Company").

On February 12, 1951, the Circuit Court entered an order in the said condemnation case, to the effect that when the Commission made a designated cash deposit to cover damages, then " . . . the plaintiff is granted the right to lawfully enter upon and use the lands in litigation, pending the determination of the questions in controversy." The deposit was duly made on March 2, 1951, and written demand for possession was served on the Monument Company, which refused to vacate the premises until September 15, 1951.

Then, in the eminent domain proceedings, the Monument Company counterclaimed for damages, both against Martin and Kirby as the lessors, and the Commission as the condemnor. In resisting the claim, the Commission insisted that the Monument Company owed the State rent on the parcel of land from March 2, 1951, to September 15, 1951. C. G. Hall, Secretary of State, intervened, both as a private citizen and in his official capacity, and joined the Commission in seeking judgment against the Monument Company for rents for the benefit of the State.

With issues thus joined and a jury waived,[2] the cause was tried in the Circuit Court, and resulted in a judgment adverse to the Monument Company's counterclaim, and in favor of the Commission in its claim against the Monument Company for rent on the condemned land from March 2, 1951, to September 15, 1951. The Monument

[2] The judgment recites that the issues were ". . . submitted to the Court sitting as a jury on the agreement of counsel. . . ."

Company brings this appeal, and presents the issues now to be discussed:

I. *The Claim of the Monument Company Against Martin and Kirby.* The contract whereby the Monument Company leased the premises from Martin and Kirby was in writing, and contained this clause:

"In the event the State of Arkansas desires to purchase the property herein leased to be added to the State Capitol grounds it is agreed that the lease shall be terminated as of the time the State takes possession of said property."

The lessors did not violate any of the provisions of the lease; and the Monument Company, as lessee, definitely agreed that the lease would terminate if and when the State acquired possession of the property. The State acquired legal right to possession on March 2, 1951, when the Commission made the cash deposit and demanded possession from the Monument Company. At the termination of a lease, the tenant can recover from the landlord for the improvements made by the tenant only in those cases in which the landlord has so agreed to pay the tenant. *Gocio* v. *Day,* 51 Ark. 46, 9 S. W. 433. There was no agreement by Martin and Kirby to pay for any improvements, and under the plain terms of the written contract, as previously copied, the Monument Company had no claim against Martin and Kirby for damages, and the Circuit Court was correct in so holding.

II. *The Monument Company's Claim Against the Commission.* This claim is stated in the pleading as follows:

"That during the period of this lease, the Capitol Monument Company made leasehold improvements in the sum of $2,068.30, which improvements being fill dirt, top soil, shrubbery, sidewalk, driveway, foundations, copings, underground water pipes, removal of unsightly debris and trees, and other improvements, all of which are a total loss to this defendant, Capitol Monument Company, and it ought to have of and from the plaintiff or the defendant herein, the sum of $2,068.30."

In the absence of any contract provision to the contrary, a tenant for years is ordinarily entitled to share in the compensation when the leased property is taken by eminent domain during the terms of the lease. (See 18 Am. Jur. 865, and cases and authorities there cited.) But, when the lease, under which the tenant holds, provides that the lease will be terminated by eminent domain proceedings, then the tenant is not entitled to compensation for the taking of the property. *U. S.* v. *Petty Motor Co.*, 327 U. S. 372, 90 L. Ed. 729, 66 S. Ct. 596; *Re Third Street Improvement*, 178 Minn. 552, 228 N. W. 162; *Goodyear Shoe Machinery Co.* v. *Boston Terminal Co.*, 176 Mass. 115, 57 N. E. 214; *Zeckendorf* v. *Cott*, 259 Mich. 561, 244 N. W. 163; *Re Allen Street*, 256 N. Y. 236, 176 N. E. 377; *American Creameries* v. *Armour & Co.*, 149 Wash. 690, 271 Pac. 896; and see, also, Annotation in 98 A. L. R. 254 on the validity, etc., of specific provisions of a lease relating to compensation of the lessee in the event of condemnation.

In the case at bar, the lease, as previously copied, expressly stated that all rights of the lessee ended if and when the State acquired possession. It, therefore, follows that the Monument Company is not entitled to damages from the State for the taking, and the Circuit Court was correct in its holding.

III. *The Right of the State to Recover Rent From the Monument Company.* At the penalty of repetition, we point out that on February 12, 1951, the Circuit Court ordered that the Commission was " . . . granted the right to lawfully enter upon and use the lands in litigation pending the determination of the questions in controversy, upon the depositing of $18,000 . . . " This deposit was made on March 2, 1951, and written demand was made on the Monument Company for possession. Nevertheless, the Monument Company refused to surrender possession. On September 11, 1951, the Circuit Court cited the Monument Company to show cause why it should not be punished for refusing to surrender possession, and on September 15, 1951, possession was surrendered. Then the Commission, together with the inter-

vener, claimed that the Monument Company owed rent to the State from March 2, 1951, to September 15, 1951. Evidence was heard as to rental value, and judgment was rendered for the State against the Monument Company for $485, which was rent at the rate of $75 per month.

The argument of the Monument Company seems to be that it owes no rent to the lessors, Martin and Kirby, because the lease had terminated by the eminent domain proceedings; and that the State was not entitled to rent from the Monument Company because there had been no agreement to pay rent to the State. Thus the Monument Company would avoid payment of rent, even though it occupied the premises. The case of *School District* v. *Smith*, 113 Ark. 530, 168 S. W. 1089, is authority in favor of the right of the State to recover rent in the case at bar. In the reported case, the School District acquired 8.14 acres by eminent domain. After paying the award, the School District demanded that Smith pay rent on the land from the institution of the condemnation action. In upholding the contention of the School District, this Court said:

"If the school district pays into court the amount awarded as fixed by the jury, it is entitled to possession of the property from that time, the same as if it had purchased the same outright with a contract for immediate delivery, and if the owner, upon demand of possession by the district, refuses to surrender the same, whatever damages in the meantime may result to the district by reason of the refusal of the owner to surrender possession accrue to the district and the owner is liable to the district for the same.

"The right to the possession of the property became absolute in the district upon the payment of the compensation into court as prescribed by the statute, and when the order of court was made vesting the title in appellant it related back to the date of the filing of the petition for condemnation. If the owner continues in possession after the compensation has been paid into court he, from

that time on, is a mere tenant by sufferance. 15 Cyc. 926 and 1023. See, also, *Fort Wayne & S. W. Traction Co.* v. *Fort Wayne & Wabash Ry., et al.,* 170 Ind. 49, 83 N. E. 665; 16 L. R. A., N. S. 543.''

In the case at bar, the Commission made the advance deposit, and the record before us reflects that the landowners, Martin and Kirby, have received payment from the said deposit for the property taken. The Act No. 158 of 1949 gave the Commission authority to proceed under any applicable condemnation statute;[3] so under the authority of the case of *School District* v. *Smith, supra,* the Circuit Court was correct in awarding rent to the State.

Affirmed.

---

[3] The Legislative acts involved in the case of *School District* v. *Smith,* 113 Ark. 530, 168 S. W. 1089, were enlarged and re-enacted by § 58 of Act No. 169 of 1931, which section is now found in § 80-403 Ark. Stats.