**John I. WESTON, Plaintiff,**

v.

**Jeff NOBLE, Defendant.**

**Civ. No. 8886.**

District Court, Alaska
Fourth Division, Fairbanks.

Oct. 10, 1956.

William V. Boggess, Fairbanks, Alaska, for plaintiff.

Taylor & Taylor, Fairbanks, Alaska, for defendant.

HODGE, District Judge.

The following facts are admitted by the pleadings in this action: On April 5, 1955, defendant executed and delivered to plaintiff his promissory note in the

sum of $250, without interest, due and payable October 5, 1955. On the same date defendant executed and delivered to plaintiff his promissory note in the sum of $4,900, with interest thereon at the rate of 8% per annum, due and payable one year after date. Contemporaneously with the execution of the note for $4,900, and in order to secure the payment thereof, defendant executed and delivered to plaintiff a chattel mortgage covering one Kenworth Semi-Tractor. (Referred to herein as a truck.) At the same time there was executed between the parties a "Memorandum of Agreement" under the terms of which it appears that plaintiff financed the purchase by defendant of such truck upon an agreement that defendant was to operate it by rental to the Alaska Freight Lines at Fairbanks, and the parties agreed to share equally the net profits derived from the rental of said truck for a period of one year, and that defendant would account to and pay over to plaintiff monthly the net rentals earned under such agreement; further that defendant would personally operate the truck but was to receive any salary he derived therefrom, and that he would devote his entire time and attention to the successful operation of said trucking business for the mutual benefit of the parties thereto. It is admitted that the chattel mortgage was given to plaintiff to secure the performance of the terms and conditions of said agreement, as well as the note. Complaint was filed on December 7, 1955. Subsequently by leave of court, plaintiff filed a supplemental complaint under date of June 8, 1956, alleging that since the institution of the action the note for $4,900 has also become due and payable and has not been paid, which is not denied by any answer.

Plaintiff, in three causes of action, seeks (1st) judgment in the sum of $250, plus interest after maturity, on the first mentioned note, which he alleges is past due and unpaid; (2nd) judgment in the sum of $4,900, plus interest, upon the second note, and (3rd) for an accounting for his share of the net rental obtained from the use of the truck, and judgment for the amount found due. In support of the second cause plaintiff alleges default by defendant in complying with the terms and conditions of said agreement in the following particulars: (1) that defendant failed to render monthly accounting to plaintiff as required by said agreement; (2) that he failed to personally operate said truck at all times, but from time to time employed another driver or drivers thereof; (3) that defendant failed to devote his entire time and attention to the trucking business. In support of his third cause plaintiff acknowledges that defendant had on September 5, 1955, without an accounting, paid him the sum of $1,000, "purportedly in part payment of net truck rental earned to that date", and alleges on information and belief that the truck earned in excess of $6,000.

Defendant by his answer denies each of these material allegations except admitting the payment of $1,000, but alleges that said sum represented payment of $250 to be applied on the note for such amount and the sum of $750 to be applied on the note for $4,900.

Plaintiff has filed herein a motion for summary judgment, supported by his own affidavit and the affidavit of Stanley Davis, which recites that he had been employed as accountant for the trucking business conducted by defendant which involved the operation of the truck mentioned, from which it appears that no monthly accounting was rendered to plaintiff relating to the net rentals of said trucking operation and that he was not instructed by defendant to do so; further that other persons were employed by defendant to operate said truck, and that $1,000 is all the money that defendant paid to plaintiff. A statement of account attached to such affidavit reveals a total income to defendant with said truck up until August 25,

1955, of $13,721.06, total expenses of $8,555.58, with a net of $5,165.48.

In opposition to the motion defendant filed an affidavit in which he does not deny his failure to account to plaintiff for the rentals earned by the truck but seeks to explain matters covered in the Davis affidavit in effect that he had been unable to report some of his earnings to Davis by reason of being "out on jobs from which he could not report", including work in the Arctic Circle region, that he did put on an extra or additional driver but not in his place, that his work was held up in November of 1955 by repairs made necessary to the truck and in December, 1955, by the attachment of the truck by the plaintiff in this case, at which time it will be noted that he was eight months in default. He also contends that it was "distinctly understood and agreed" that $250 of the $1,000 payment was to be applied to payment of the note in that amount. He acknowledges that Davis has given to plaintiff a comprehensive account of the operation of the truck for all of 1955, although this appears to have been done after the commencement of the action. He also states that he was to have $600 per month for his personal expenses and wages but acknowledges that there was a balance of $5,165 for his "compensation".

■■ It appears from the above that there is no dispute or genuine issue of fact as to the principal allegation of plaintiff that defendant had failed to account and pay over to plaintiff one half of the net truck rentals as agreed, and that there was sufficient earnings from the truck according to his own accountant to pay at least $2,582.50 to plaintiff; also that he employed another person to operate the truck. It also definitely appears that there were other earnings not reported to the accountant. The contention of defendant that the attachment of the truck on December 12, 1955, constituted a breach of the agreement on the part of plaintiff, or excused performance on his part, cannot be sustained as a matter of law. Plaintiff was and is entitled to foreclose his mortgage for such breach.

■ There is possible dispute of fact as to whether or not defendant failed to devote his entire time and attention to the trucking business, but this would appear immaterial in view of the other substantial breaches as to which there is no dispute.

■■ There remains then only the issue of the application of the payment made, or whether or not the debtor directed the payment to be applied to a particular item of indebtedness owing by him, as he has the legal right to do. However, this question becomes moot for the reason that plaintiff's counsel acknowledged in his final brief that there would be "no obstacle to the entry of summary judgment in the amount of $4,150.00", with interest and costs, and foreclosure of plaintiff's mortgage for such amount, which is tantamount to a waiver of this point in dispute and in effect acknowledges that the $1,000 may be applied as contended by defendant. This issue is therefore no longer material. There is certainly no issue to be determined relative to the acknowledged fact that the note is now past due and owing by defendant in this amount.

Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A., relating to summary judgment, provides that

> "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, *together with the affidavits,* if any, show that there is no genuine issue as to any *material fact* and that the moving party is entitled to a judgment as a matter of law". (Emphasis added.)

Defendant contends in his brief that as the material allegations of plaintiff's complaint are denied in the answer, summary judgment will not lie, and that the affidavits in support of plaintiff's motion for summary judgment do not in

any manner supplement the complaint, and hence, that there are material issues of fact, citing Blood v. Fleming, 10 Cir., 161 F.2d 292, and California Apparel Creators v. Wieder, D.C., 68 F.Supp. 499. The first case cited does not support this contention but holds instead that the rule for summary judgment

"was not intended to and should not be used as a substitute for a regular trial of cases in which there are disputed issues of fact upon which the outcome of the litigation depends." 161 F.2d at page 295.

The motion for summary judgment in such case was determined upon "the bald allegations of the pleadings", buttressed only by certain exhibits. The second case cited holds to the contrary of defendant's contention. I quote from this opinion, quoting in turn from the case of Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469, 472:

"The federal summary judgment proceeding is the most extensive of any jurisdiction in that it is equally available to plaintiffs and defendants and in all forms and kinds of civil actions. * * * it is intended to permit 'a party to pierce the allegations of fact in the pleadings and to obtain relief by summary judgment where facts set forth in detail in affidavits, depositions, and admissions on file show that there are no genuine issues of fact to be tried.' * * *"

 That this is a correct statement of the purpose of the rule there can be no doubt. Barron and Holtzoff, Fed. Prac. and Proc., Vol. 3, Sec. 1234. Summary judgment procedure is not a substitute for the trial of disputed issues of fact, but is proper where there is no genuine issue of fact presented. It is true that such judgment cannot be granted upon the strength of plaintiff's affidavits alone, if controverted, and that a "trial by affidavits" of disputed issues is not permitted. But in ruling upon such motion the court may consider facts which are not disputed by the affidavits of both parties, or the dispute of which raises no substantial issue. United States v. Associated Press, D.C., 52 F.Supp. 362, affirmed 326 U.S. 1, 65 S. Ct. 1416, 89 L.Ed. 2013. A question of fact which is immaterial does not preclude summary judgment. Finlay v. Union Pac. R. Co., D.C., 6 F.R.D. 284. Summary judgment is also proper where there is a question of law but no issue of fact. Bartle v. Travelers Ins. Co., 5 Cir., 171 F.2d 469. Or, when the material facts are undisputed and any other facts could not affect the conclusions to be drawn from admitted facts, summary judgment is properly granted. McComb v. Southern Weighing & Inspection Bureau, 4 Cir., 170 F.2d 526.

It must be concluded that there remains for trial in this case no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law upon his second cause of action in the amount of $4,150, plus accrued interest on the sum of $4,900 from April 5 to September 5, 1955, and on the sum of $4,150 thereafter, and for foreclosure of the chattel mortgage; and is likewise entitled to judgment upon his third cause of action ordering and adjudging that defendant account to plaintiff for one half of the net rentals earned by said truck during the year 1955 prior to the attachment, and that upon said accounting being rendered judgment may be entered for the amount found due, with interest. Plaintiff's first cause of action may be dismissed, by reason of payment before maturity in accordance with the above finding. Plaintiff may also recover his costs and disbursements herein expended and an attorney's fee pursuant to District Court Rule 25.