TERRITORY OF HAWAII, BY RICHARD K. SHARP-
LESS, ITS ACTING ATTORNEY GENERAL *v.*
ELEANOR K. ARNESON, ET AL., AND PETER
YUN TSIN CHANG.

No. 4140.

JULY 28, 1960.

TSUKIYAMA, C. J., MARUMOTO, CASSIDY, WIRTZ, JJ., AND
CIRCUIT JUDGE HAWKINS IN PLACE OF
LEWIS, J., DISQUALIFIED.

OPINION OF THE COURT BY WIRTZ, J.

This is an eminent domain action filed on March 13, 1956. Plaintiff-appellee sought to condemn parcels of land together with the vehicle access rights to Kalihi Street for the construction of a controlled access highway in Honolulu, known as Likelike Highway. The nature of the taking was a partial one with no buildings or improvements involved.

Appellant's answer alleges: (1) loss of access rights to Kalihi Street, (2) loss of unit rental because of the loss of frontage on Kalihi Street, and (3) damages by the reason of being assessed for the Owawa Street improvement district which side street now provides access to Kalihi Street for the remaining lands.

Plaintiff filed a Motion for Summary Judgment on April 3, 1959, and attached in support thereof as an exhibit a photostatic copy of Lease No. 8560 executed on January 10, 1951, wherein it appears that appellant was the lessee of Parcels 1-C and 1-D, which comprise portions of land leased by him from the Estate of Bernice P. Bishop. Paragraph 14(b) of the lease contains the following provisions relative to the rights of the lessor and lessee in the event of condemnation:

"(b) That in the event that at any time during said term the demised premises or any part thereof shall be required, taken or condemned for any public use, then and in every such case the estate and interest of the Lessee in the property taken shall at once terminate, and all compensation payable or to be paid by reason of the taking of any land shall be payable to and be the sole property of the Lessors; and that such compensation as shall represent the value of any build-

ings or improvements erected upon the land shall be divided between the Lessors and the Lessee in the ratios that the expired and unexpired portions of the term of this demise, respectively, shall bear to the whole term hereby created; Provided, However, that in case a part of said premises shall be required, taken or condemned the rent thereafter payable for the remainder of the term shall be reduced (calculated to the nearest dollar) in the proportion that the area of land so taken shall bear to the area hereby demised; Provided, Further, that in case such condemnation and taking shall by mutual agreement of the parties hereto be held to render the remainder of the premises unfit for the purposes of the Lessee, the Lessee shall have the option to surrender this lease."

The trial court, on April 30, 1959, entered its Findings of Fact and Conclusions of Law, finding that under the condemnation clause all compensation to be paid by reason of the taking of the land was payable to the lessors; that appellant had no right, title or interest in the condemned parcels that would entitle him to compensation therefor; and that appellant was not entitled to any compensation for the taking of the parcels. On its further finding that "said Paragraph 14(b) is unambiguous and would, therefore, only require construction thereof by the Court as a matter of law and further precludes any parol evidence of fact for determination by a jury," the trial court further concluded that "[there] is no genuine issue of material fact and that Plaintiff is entitled to summary judgment prayed for as a matter of law." An order granting the Motion for Summary Judgment and a Judgment against appellant was entered on the same date. From this judgment, appellant took this appeal.

The obstacle in the path of appellant to a consideration of his claims is the presence of Paragraph 14(b) in his

lease. This poses as the sole question on appeal under the specifications of error: By virtue of Paragraph 14(b) of his lease, does appellant have any right, title or interest in the land which would entitle him to compensation as claimed? We are concerned then with the single question of the construction of this condemnation clause of the lease.

Appellant does not question the validity of the condemnation clause. Such provisions are universally upheld and in the event of condemnation, the clause becomes controlling. *Consolidated Amusement Co.* v. *City and County of Honolulu,* 32 Haw. 241; 3 Nichols, *Eminent Domain,* § 8.8, p. 148; 1 *American Law of Property,* § 3.55, p. 291.

Without regard to the provision relating to improvements, appellant admits "that the condemnation clause under consideration herein is a straight forward attempt by the lessor to insure that it get all the compensation from any condemnation suit." He continues, however, that "the problem is that the clause as drawn does not contemplate the type of condemnation employed herein, nor does it contemplate the type of damages."

Paragraph 14(b) of the lease contains two parts which affect appellant's claim. The first portion is "* * * then and in every such case [of condemnation] the estate and interest of the Lessee in the property taken shall at once terminate, * * *." There is nothing equivocal in this statement and appellant concedes it to be a restatement of the law of Hawaii since the leasehold interest would terminate *pro tanto* by virtue of the condemnation. See *Yim Quon* v. *Cartwright,* 6 Haw. 653. The effect of this provision is clear. The lessee's interest in the property taken ceased as of the date of the taking. If the entire demised premises had been taken, there would indubitably be no question, that he had lost all right to compensation for such taking. *In re Cross-Bronx Expressway,* 195 Misc. 842, 82 N.Y.S.

2d 55; *Capitol Monument Co.* v. *State Capitol Grounds Com'n.,* 220 Ark. 946, 251 S.W. 2d 473; *United States* v. *8286 Sq. Ft. of Space, etc.,* 61 F. Supp. 737 (D. Md. 1945); *United States* v. *Petty Motor Co.,* 327 U.S. 372; *United States* v. *21,815 Square Feet of Land, etc.,* 155 F. 2d 898 (2d Cir. 1946); *In re Harlem River Drive,* 202 Misc. 540, 113 N.Y.S. 2d 292.

But since this is a partial taking, appellant's contention is that the lessee has a right to claim severance damages for he argues "that the meat of the matter lies in the damage caused by the taking of the access right." In effect he is claiming damages to the remaining leasehold for loss of a right of access to the main highway rather than compensation for the taking of the access right itself.

It is difficult to see how any determination of compensation payable for the taking of an access right can be arrived at without considering the effect of the deprivation of that right on the remaining land. In other words, the value of the access right taken is synonymous with the damages resulting to the remaining land. *Cf., People* v. *Al. G. Smith Co., Ltd.,* 86 Cal. App. 2d 308, 194 P. 2d 750.

The right of access to an existing public street is just as much "property" as the two parcels of land condemned. *State* v. *Calkins,* 50 Wash. 2d 716, 314 P. 2d 449; *People* v. *Al. G. Smith Co., Ltd., supra; Gates* v. *City of Bloomfield,* 243 Iowa 671, 53 N.W. 2d 279; *R. G. Lydy, Inc.* v. *City of Chicago,* 356 Ill. 230, 190 N.E. 273; *Nalon* v. *Sioux City,* 216 Iowa 1041, 250 N.W. 166; *Breinig* v. *County of Allegheny,* 332 Pa. 474, 2 A. 2d 842; *Knox County* v. *Lemarr,* 20 Tenn. App. 258, 97 S.W. 2d 659; 2 Nichols, *Eminent Domain,* 3d ed., §5.72 [1], p. 73. Since the taking of the right of access was "property" taken, and the lessee's estate and interest in it terminated upon condemnation he would not be entitled to compensation for its condemnation under the foregoing provisions of this first portion of Paragraph 14(b).

348

This leads us to a consideration of the second part of Paragraph 14(b) affecting appellant's claim which states that: "* * * all compensation payable or to be paid by reason of the taking of any land shall be payable to and be the sole property of the Lessors; and that such compensation as shall represent the value of any buildings or improvements erected upon the land shall be divided between the Lessors and the Lessee in the ratios that the expired and unexpired portions of the term of this demise, respectively, shall bear to the whole term hereby created; * * *." In this connection, appellant argues that "this clause is directed toward the taking of land and nothing more, that the incidents of value and damages arising from the taking of land is what is contemplated here." Thus, he would restrict the meaning of the term "land" so as not to include a right of access or any other incorporeal right.

It is a fundamental rule of construction that an agreement should be interpreted as a whole and its meaning governed from the entire context and not from any particular word, phrase or clause. *Tsunoda* v. *Young Sun Kow,* 23 Haw. 660; 12 Am. Jur., *Contracts,* § 227, p. 745; 12 Am. Jur., *Contracts,* § 241, p. 772. We think it is clear from a reading of Paragraph 14(b) as a whole that the word "land" was used therein to mean land and its incidents, including access rights, as distinguished from buildings and structures constructed thereon.

Appellant urges a restrictive definition on the theory that where a lease is prepared by the lessor, as in this case, the terms therein are to be construed most strongly in favor of the lessee, citing *inter alia, Ohera* v. *Ackerman,* 9 Haw. 597. While this rule has its place among the various rules of construction of written agreements, it is never invoked to overturn the intention of the parties clearly manifest from the entire agreement. 12 Am. Jur.,

*Contracts,* § 252, p. 795; 51 C.J.S., *Landlord and Tenant,* § 232*l,* p. 859. As seen above, the rule of strict construction against the lessor is inapplicable as there is no ambiguity except when the phrase "taking of any land" is read out of context.

The authorities have not accepted the narrow interpretation of the word "land" restricting its meaning so as not to include a right of access. *Cf., State* v. *Superior Court for Grays Harbor,* 11 Wash. 2d 545, 119 P. 2d 694; *City of Missoula* v. *Mix,* 123 Mont. 365, 214 P. 2d 212; *Lincoln Nat. Bank & Trust Co.* v. *Nathan,* 215 Ind. 178, 19 N.E. 2d 243; *Pacific Postal Telegraph-Cable Co.* v. *Oregon & C. R. Co.,* 163 Fed. 967 (C.C.D.O. 1908); *Reynard* v. *City of Caldwell,* 55 Idaho 342, 42 P. 2d 292; *Cuff* v. *Koslosky,* 165 Okla. 135, 25 P. 2d 290.

A reading of Paragraph 14(b) in its entirety clearly shows the intention of the parties was, in the event of condemnation, that the lessors would be entitled to all the compensation payable by the condemnor, reserving to the lessee the right only to (1) receive from the lessors a certain portion of the award representing the value of any buildings or improvements included in the taking; (2) a reduction in rent for the loss of use of any portion of the demised premises; and (3) an option to cancel the lease should the condemnation action render the remainder of the premises unfit for the purposes of the lessee. The reservation in favor of the lessee of right (2), *a fortiori,* evinces that the parties to the lease intended that, in case of a partial taking of the premises short of rendering them unfit for the purposes of the lessee, the lessee's recourse for the land taken extended to no more than a right to a proportionate rental reduction. The only provision permitting the lessee to participate in any condemnation award is found in right (1) giving him a right to a proper share of the compensation allocable to improvements on

the land and it is clear that "buildings and improvements" do not include access rights.

We can only conclude that any right of appellant to receive compensation has been waived by this second part just as it was precluded by the first part of Paragraph 14(b). This waiver was a part of the consideration given for the lease. Appellant cannot now alter the clear meaning of this paragraph.

Appellant relies on *Territory* v. *Fong, et als.*, 43 Haw. 167 as holding that this condemnation suit and the Owawa Street improvement are parts of the same single plan and contends "that damage caused by these joint condemnations should be chargeable against them." He is here arguing for the third claim made by this answer to the effect that he is entitled to damages for the assessments paid by him on the Owawa Street improvement as required under other provisions of the lease. The *Fong* case, *supra,* merely determined the rights as between condemnor and condemnee in connection with matters of total value and, by implication, total damages. It does not affect the rights of the parties here as set forth in the terms of the agreement entered into between them, as lessor and lessee and joint condemnees. The fact that an assessment was made and that under independent clauses of the lease, the lessee is liable for the payment thereof, does not alter the effect of the condemnation clause of the lease. That agreement remains binding on the appellant and, as we have found, grants the lessor the right to receive the entire compensation payable in this case. This, appellant recognizes when he observes, in concluding his contention on this score, that "if appellant is not precluded by the lease provisions, he is entitled to a share of the compensation awarded in this matter."

Since the decisive fact, the lease document, was undisputed and only a question of law remained to be re-

solved, namely, the construction of the lease provision concerning condemnation, no factual issues arose. 51 C.J.S., *Landlord and Tenant*, § 245, p. 870. In these circumstances, the trial court was correct in granting summary judgment, since plaintiff was entitled to judgment as a matter of law. H.R.C.P., Rule 56(c); 3 Barron & Holtzoff, *Federal Practice and Procedure*, § 1231, pp. 96-100; *Weston* v. *Noble,* 19 F.R.D. 416 (D. Alaska 1956); *Bartle* v. *Travelers Ins. Co.,* 171 F. 2d 469 (5th Cir. 1948); *R. H. Macy & Co.* v. *United States,* 107 F. Supp. 883; *Carlander* v. *Dubuque Fire & Marine Ins. Co.,* 87 F. Supp. 65.

In view of the foregoing it becomes unnecessary to consider in detail the remaining claims of appellant as set forth in his answer.

The judgment appealed from is affirmed.

*Charles B. Dwight, III* (*Heen, Kai & Dodge* with him on the briefs) for defendant-appellant.

*Daniel D. S. Moon,* Deputy Attorney General (*Shiro Kashiwa,* Attorney General with him on the brief) for plaintiff-appellee, State of Hawaii.

*J. Garner Anthony* (*Robertson, Castle & Anthony* on the brief) for Trustees Bernice P. Bishop Estate, defendants-appellees.