TAYLOR, J.
Isom Johnson, plaintiff in error, sued W. P. Phelps, defendant in error, to recover the reasonable rental value for the year 1913 of 165 acres of land.
Defendant in error was at the time the suit was filed in possession of the land under a five-year written lease contract, executed in 1908 by himself as lessee and the then owners of the land as lessors, for the years 1909 to 1913, inclusive. The contract provided for the payment of a yearly rental of $350, and for termination of the lease on December 31, 1913, unless sooner .terminated by the sale of the land.
Negotiations for the sale of the land were begun in December, 1912; and on February 14, 1913, it was duly conveyed to vendees, who in turn conveyed it to the plaintiff in error about a month later. The first vendees sought to enter into a new rental contract with defendant in error a few days after they acquired the land, and, upon failing to do so, notified him that in the event he persisted in remaining upon the land, he would be required to pay the usual and customary rental for the land for the year 1913, instead of the money rental provided in the lease contract.
Defendant in error, subsequent to the sale in February, 1913, planted and cultivated the land, and made tender of $350 for the year’s rental. Plaintiff in error refused to accept the amount, offered, caused a distress warrant to be levied upon the crops, and later filed this suit to recover $1,175 as the reasonable rental value of the land for the year 1913.
Trial by jury resulted in a verdict and judgment for plaintiff in error for $875.
The Court of Civil Appeals on original hearing affirmed the judgment of the district court. On rehearing, a majority of the court reversed the judgment of the trial court, and rendered judgment for plaintiff in error for $350. A dissenting opinion was filed, adhering to the construction given to the contract on the original disposition of the case. 181 S. W. 862-868.
The following is quoted from the majority opinion as showing the question to be determined:
“We fully concur in the facts found and stated in the opinion of Justice Levy affirming the judgment appealed from; we also agree in the main to the general legal propositions which he announces in the course of his discussion; but we now think that a different construction should have been given to the contract between the appellant, Phelps, and his lessors. * * *
“The concluding stipulation in this instrument [the lease contract] furnishes the grounds of this controversy.
“It is conceded by all parties that a sale of the leased premises took place on February 14th, before the lease by its terms expired, that no other contract Was entered into between the appellant and the purchasers, and that after the sale the appellant claimed the right to continue to hold under the terms of his written lease and to be liable only for what he had therein agreed to pay — the sum of $350 — and which was tendered by him.
“The controlling question is: What meaning should be given to the words, “'Should the parties of the first part make a sale of the land herein leased, then and in that event this lease is to immediately become void’?”
The correct interpretation of the sale provision of the contract is the only matter presented for consideration. That provision in full is as follows:
“It is, however, further agreed by all parties hereto that, should the parties of the first part (the lessors) make a sale of the land herein leased, then, and in that event, this lease is to immediately become void.”
The view expressed in the dissenting opinion is, in substancie, that tire foregoing stipulation of the contract operated as a contingent limitation of the lease term, and that when the contingency happened all rights under the lease contract, including the right of occupancy, terminated. This construction and the reasons supporting it, expressed in the dissenting opinion (181 S. W. 868) are, in our opinion, sound.
We, therefore, recommend that the judgment of the Court of Civil Appeals be reversed, and that of the trial court affirmed.
PHILLIPS, C. J.
The judgment recommended by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

<¡&wkey;For other eases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tS&wkey;For other oases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes