UNITED STATES v. 21,815 SQUARE FEET OF LAND IN BOROUGH OF BROOKLYN, KINGS COUNTY, CITY AND STATE OF NEW YORK, et al.

No. 30.

District Court, E. D. New York.

Feb. 8, 1945.

220

Harry T. Dolan, Sp. Asst. to Atty. Gen. (Mario M. DeOptatis, of New York City, of counsel), for petitioner-plaintiff.

Newman & Bisco, of New York City (Allan Rogow, of New York City, of counsel), for Manufacturers Trust Co.

Nathan L. Goldstein, of New York City, for Comet Press, Inc.

Roe & Kramer, of New York City (Charles P. Kramer, of New York City, of counsel), for David Lapayower et al.

ABRUZZO, District Judge.

This condemnation proceeding was instituted by the United States of America on the 11th day of May, 1943. It sought to acquire by condemnation the exclusive use and occupancy of certain premises particularly described in the petition and known as No. 1 Junius Street, in the Borough of Brooklyn, County of Kings, and State of New York.

The term sought to be acquired is a term ending June 30, 1944, with the right of the United States, the petitioner-plaintiff, to renew the said term for additional yearly periods thereafter during the existence of the national emergency. The Manufacturers Trust Company, as trustee, was the owner of said premises and there were some thirteen tenants occupying space in the building at the time of the institution of the proceeding.

Space was acquired by the Government in a staggered manner between the date of the institution of the suit and July 28, 1943, on which date the plaintiff became possessed of the entire premises. The tenants moved on different dates between May 11, 1943, and July 28, 1943.

The Government obtains its power to acquire fee title of property or temporary use under the First War Powers Act passed on ·July 2, 1917, 40 Stat. 241, U.S.C.A., Title 50, Sec. 171. By that Act the Secretary of War was empowered to acquire fee title, use and occupancy of any property he so desired. This law was amended on March 27, 1942, by the Second War Powers Act, 56 Stat. 177, c. 199, Sec. 201, 50 U.S.C.A.Appendix, § 632, and this Act extended the same authority to include other agencies of the Government.

All thirteen tenants had written leases which expired at different times with the landlord, the Manufacturers Trust Company, as trustee. When these leases were entered into there existed the right under the First War Powers Act for the Secretary of War to acquire temporary use and occupancy, and the amendment of March 27, 1942, gave this power to other agencies of the Government. These tenants knew or should have known, and are chargeable with the knowledge, that the Government and its agencies could and had the power to acquire use and occupancy.

Each of the leases contained the following condemnation clause:

"If the whole or any part of the demised premises shall be taken or condemned by any competent authority for any public or quasi public use or purpose, then and in that event, the term of this lease shall cease and terminate from the date when the possession of the part so taken shall be required for such use or purpose and without apportionment of the award. Current rental, however, shall in any such case be apportioned."

One tenant, the Comet Press, Inc., claims the right to compensation for the unexpired term of its lease. This tenant in addition makes a claim for damages sustained by it in moving from No. 1 Junius Street to its new plant. The other tenants make a claim for damages only for the disruption and discontinuance of a going business; for the removing of all machinery, fixtures, and equipment; for the expense in dismantling of the manufacturing plants and the re-installation of the plants in other buildings; and other expenses entailed in vacating the premises and moving to a new building.

There was an alteration provision contained in the lease of the Comet Press and many of the other leases. By the terms of this alteration clause all alteration additions or improvements, etc., become the property of the landlord, and shall remain upon, and be surrendered with said premises, as a part thereof, at the end of the term of the lease.

In defense of the claim of all of these tenants, the Government asserts that the condemnation clause and the alteration provision in the lease bars the right of any recovery on the part of the tenants. The tenants, on the other hand, contend that they are entitled to damages pursuant to the latest decision of the United States Supreme Court in the case of United States v. General Motors Corp., 65 S.Ct. 357, and the Court is bound to assess and allow damages to them under and by virtue of that decision. I do not find anything in reading

the opinion in that case which indicates there was a condemnation clause or an alteration provision similar to the one in the instant case and I must assume, therefore, that there was none.

A condemnation clause similar to the one in the instant case, together with an alteration clause almost exactly like the one before me, were at issue, and the legal effect of these clauses was exhaustively set forth in an opinion recently handed down in the case of United States v. Improved Premises Known as No. 48–70 McLean Avenue in the City Yonkers, D.C.S.D.N.Y., 54 F.Supp. 469. There the Government acquired the unexpired term of a tenant's lease and there, as here, the tenant claimed and sought payment for the installation of improvements for the unexpired term of its lease and for the interruption and impairment of its business. The McLean Avenue case held that by the express terms of the tenant's lease it foreclosed any right on its part of the award and consented that upon the taking of the property by the Government for use and occupancy its lease ceased and terminated. This case, as far as I can learn, has not been reviewed, but it seems to me it has all the elements of sound reasoning and logic.

In view of this decision which I am constrained to follow, I must overrule the argument advanced by the tenants that the condemnation and alteration clauses in the leases apply only when title in fee is taken by the Government, and not where only use and occupation was acquired. When these clauses were agreed upon between the landlord and the tenant, it must be borne in mind that the war powers of the different governmental agencies gave the right to acquisition of occupancy only.

The language of the condemnation clause is in itself all embracing and I think it included the condemnation of any property whether the fee was taken or only use and occupancy.

The Manufacturers Trust Company, as trustee, is entitled to an award for the reasonable rental value of the premises as follows: From June 1, 1943, to July 27, 1943, $3,509.52; from July 28, 1943, to June 30, 1945, at a rate of $38,500 per annum.

Findings of fact, conclusions of law, and a judgment may be entered in accordance with this decision.