**UNITED STATES v. 45,000 SQUARE FEET, ETC., AT 605–615 WEST 42ND STREET, CITY OF NEW YORK et al.**

District Court, S. D. New York.

Aug. 28, 1945.

Harry T. Dolan, Sp. Asst. to Atty. Gen., for petitioner-plaintiff.

Henry G. Friedlander, of New York City, for defendant Netherland Cab Co.

BRIGHT, District Judge.

The only contested matter in this proceeding is the claim of the defendant Netherland Cab Company.

Petitioner-plaintiff has condemned the exclusive use, occupancy and possession of 45,000 square feet in the premises located at No. 605-615 West 42nd Street, New York City, for a term of years ending June 30, 1945, together with the right to said term for additional yearly periods during the existence of the national emergency. On August 23, 1944, an order of possession was entered and possession was taken. On October 20, 1944, the said Netherland Cab Company was made a party defendant. On December 4, 1944, petitioner plaintiff deposited in the registry of this court $18,644.35, representing the rental value for the period taken to June 30, 1945, based upon an annual rental of $24,000. On December 19, 1944, upon a stipulation signed by the plaintiff and Annuta Maidman, the owner of the premises, and on notice to the said Netherland Cab Company and others, an order was made fixing the fair rental value of the premises taken on the basis of $24,000 per annum, and that order directed the clerk of this court to pay from the funds on deposit to said Annuta Maidman, the owner, $4,644.35 representing rental to and including November 30, 1944. That order also provided that the said Annuta Maidman, or those entitled thereto, upon proper notice to all parties in interest and defendants, might make application for payment from the deposited funds, of the sum of $2,000 per month during the period of the Government's use and occupancy.

On March 8, 1945, said owner, upon notice to the Netherland Cab Company, claimant, and other defendants, moved for an order directing the clerk of the court to pay to her from the funds on deposit, $6,000 as and for rent for the months of December 1944 and January and February 1945. No opposition was made to that motion by any defendant, and on March 16, 1945, an order was made directing the payment of said sum to said owner as rental for the months specified.

On May 2, 1945, again on notice to the claimant, Netherland Cab Company and other defendants, the owner made application for an order directing payment to her of the sum of $4,000 claimed as rent for the months of March and April 1945. No opposition appearing, an order was made on May 11, 1945, directing the clerk of this court to pay to such owner $4,000 representing rental for the two months mentioned.

At the beginning of the hearing upon the claim of the Netherland Cab Company, its counsel stated that there was no claim for loss of rental value or for the value of the unexpired leasehold estate; that the claim was based upon the expense of moving.

Proof was then offered by the claimant of payments made for the following purposes in the following amounts:

| | |
|---|---:|
| Metropolitan Distributors, expenses in moving | $ 59.95 |
| Metropolitan Distributors, expenses in moving | 34.26 |
| W. K. Trucking Company, moving machinery and equipment.. | 231.75 |
| Joseph McCormack Company, expenses in moving | 30.00 |
| Benjamin Grossman, for electrical installations in the new premises | 1,556.00 |
| Installation of blower in the new premises for the purpose of taking fumes out of garage shop.. | 154.30 |
| Extra flourescent lights installed | 45.00 |
| F. J. Mersfelder, new heater.... | 26.00 |
| New ash hoist installed in new premises | 31.25 |
| Installation of toilet in new premises | 100.00 |
| Meals for men during moving... | 18.00 |
| Outside labor employed in moving | 16.00 |
| Reimbursement to employee for cash expense incurred....... | 42.00 |
| Loss of income of 40 cars on September 17, 18, 19, 26 and 27, 1944, at $160. a day........... | 800.00 |
| Total .................... | $3,144.51 |

It appears that the claimant paid the rent of the premises vacated for the month of September 1944, to the New York Transfer Company and Terminal System, Inc., of which it was a subtenant, and moved out

about the 25th of that month. It has paid no rent for the old premises since September 1944, has not been billed for any, nor has it tendered any rent. Its comptroller testified that when it moved out, it considered its lease terminated, and what is sought to be recovered here is the expense of moving out, re-equipping and furnishing the new quarters.

The claimant was in possession under a lease dated December 31, 1943, from the Terminal System, Inc. That lease was from month to month, commencing January 1, 1944, and was made subject to all the terms, conditions and covenants of a lease dated February 17, 1941, between the New York Transfer Company Incorporated, as landlord, and Terminal System, Inc., as tenant.

The last lease mentioned, dated February 17, 1944, was made by the New York Transfer Company Incorporated, landlord, to Terminal System, Inc., as tenant, for a term of five years, one and a fraction months, from the date of the lease to March 31, 1946. Among its other provisions, it contained the following clause:

"13. If the whole or any part of demised premises shall be taken or condemned by any competent authority for any public or quasi public use or purpose, then, and in that event, the term of this lease shall cease and terminate from the date when the possession of the part so taken shall be required for such use or purpose, and without apportionment of the award. The current rental, however, shall in any such case be apportioned."

The tenant claims that it is entitled to recover the items above set forth under the cases of United States v. General Motors Corporation, 323 U.S. 373, 65 S.Ct. 357, and United States v. Petty Motor Company, 10 Cir., 147 F.2d 912.

The facts in this claim are almost identical with those considered in the case of United States of America v. 10,620 Square Feet in Canadian Pacific Building, 62 F. Supp. 115, just decided, and my decision in that case would seem to govern this. The identical condemnation clause which was contained in the leases of the Madison Avenue property was contained in the lease under which the present claimant was in possession. Here, the term taken by petitioner plaintiff was all of the term of the claimant. And it expressly appears that the claimant considered its leasehold at an end at the end of September 1944.

In addition to what was said in the Madison Avenue case, it seems very doubtful if the claimant here had any unexpired term. United States v. Certain Land in Borough of Brooklyn, D.C., 39 F.Supp. 91-99.

The claim of the Netherland Cab Company, is, accordingly, dismissed.