UNITED STATES v. 96,900 SQUARE FEET, MORE OR LESS, SITUATE IN IMPROVED PREMISES LOCATED AT NOS. 243–249 WEST 67TH ST. AND 248–250 WEST 68TH ST., BOROUGH OF MANHATTAN, CITY AND STATE OF NEW YORK et al.

District Court, S. D. New York.

May 2, 1946.

Harry T. Dolan, Sp. Asst. to Atty. Gen., for petitioner-plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, of New York City (Matthew V. Stepsis, of New York City, of counsel), for defendant F. A. O. Schwarz.

Abraham M. Weinberg, of New York City, for defendant Regan Office Furniture Corporation.

BRIGHT, District Judge.

After the filing of my opinion dated October 16, 1945, petitioner-plaintiff moved ·for a reargument of the issues presented on the trial, and particularly involving (1) the legal effect of the condemnation clause contained in the leases of the defendants Regan Office Furniture Corporation and F. A. O. Schwarz, and (2) determinations made with reference to the rights and interests of the defendants named in the event the condemnation clause did not affect a termination of the tenants' leasehold estates. On the return of that motion, the Revere Realty Corporation, owner, and the two defendants appeared, and likewise asked for a reargument as to the determination made with reference to the fair market value of the tenancies taken and their respective claims for moving expenses, etc. The motions of all of the parties for a reargument was granted and the matter was reargued at length.

The owner has also moved for an order directing the payment to it of $9,000 deposited by the petitioner-plaintiff, repre-senting rent of the condemned premises from July 1, 1945 through September 30, 1945, which motion both tenants oppose.

Since my original determination, the Supreme Court, on February 25, 1946, 66 S.Ct. 596, reversed the determination made by the Circuit Court of Appeals in United States v. Petty Motor Co., 10 Cir., 147 F.2d 912, which held that evidence of a tenant of the costs of moving and re-installation of equipment was admissible to establish the value of a leasehold under the rules announced in United States v. General Motors Corporation, 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311, 156 A.L.R. 390.

One of the tenants affected by the decision in the Petty Motor case [66 S.Ct. 598] was the Independent Pneumatic Tool Company, whose lease included the following clause: "If the whole or any part of the demised premises shall be taken by Federal, State, county, city, or other authority for public use, or under any statute, or by right of eminent domain, then when possession shall be taken thereunder of said premises, or any part thereof, the term hereby granted and all rights of the Lessee hereunder shall immediately cease and terminate, and the Lessee shall not be entitled to any part of any award that may be made for such taking, nor to any

damages therefor except that the rent shall be adjusted as of the date of such termination of the Lease."

The clause in the leases of the Regan and Schwarz tenants in this case, read: "21st. That should the land whereon said buildings stand or any part thereof be condemned for public use, then in that event, upon the taking of the same for such public use, this lease, at the option of the Landlord, shall become null and void, and the term cease and come to an end upon the date when the same shall be taken and the rent shall be apportioned as of said date. No part of any award, however, shall belong to the Tenant."

As to the condemnation clause in the Independent Pneumatic Tool Company lease, Mr. Justice Reed wrote: "The events connected with the Government's entry just set out appear to meet the requirements for termination. This does not seem to be controverted. The contention of the Tool Company, as we understand it, is that the tenant is barred from claiming 'any of the award of the landlord' but that the condemnor is not relieved of liability to the lessee. This position seems inconsistent. If the Tool Company, with its termination on condemnation clause, was the only tenant and condemnation of all interests in the property was decreed, the landlord would take the entire compensation because the lessee would have no rights against the fund. There would appear to be no greater right where the landlord has been otherwise satisfied. Condemnation proceedings are in rem, Duckett & Co. v. United States, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216; United States v. Dunnington, 146 U.S. 338, 350–354, 13 S.Ct. 79–84, 36 L.Ed. 996, and compensation is made for the value of the rights which are taken. United States v. General Motors Corporation, 323 U.S. 373, 379, 65 S.Ct. 357, 360 [89 L.Ed. 311], 156 A.L.R. 390. The Tool Company had contracted away any rights that it might otherwise have had. We are dealing here with a clause for automatic termination of the lease on a taking of property for public use by governmental authority. With this type of clause, at least in the absence of a contrary state rule, the tenant has no right which persists beyond the taking and can be entitled to nothing."

As authority for this statement, the cases of United States v. 10,620 Square Feet, etc., in Canadian Pacific Bldg., D.C., 62 F.Supp. 115; United States v. 8286 Sq. Ft. of Space, etc., D.C., 61 F.Supp. 737, 740-43; United States v. 21,815 Square Feet of Land, etc., D.C., 59 F.Supp. 219; United States v. 3.5 Acres of Land, etc., D.C., 57 F.Supp. 548; United States v. Improved Premises, etc., D.C., 54 F.Supp. 469, 472; Goodyear Shoe Machinery Co. v. Boston Terminal Co., 176 Mass. 115, 57 N.E. 214. Cf. United States v. Entire Fifth Floor in Butterick Bldg., D.C., 54 F.Supp. 258, are cited. The condemnation clauses in all of those cases, except United States v. 3.5 Acres and the Goodyear Shoe Machinery Co. case were almost identical with the clause quoted from the Petty Motor Co. case.

In United States v. 3.5 Acres of Land, the condemnation clause read that if "the said premises or any part thereof or any part of the buildings of which they formed a part, shall be taken for a street or other public use * * * or by the action of any public authorities, then this lease and the term demised shall terminate at the election of the lessor." Notice of election was given by the landlord, and it was held that the lessee had no claim.

In Goodyear Shoe Machinery Co. case [176 Mass. 115, 57 N.E. 215], the Terminal Company, which happened also to be the owner of the reversion of the land in question condemned, the lease provided that, "In case the premises, or any part thereof, shall be taken for any street or other public use, or by the action of the city or other authorities * * * then this lease and the term demised shall terminate at the election of the lessors, or those having their estate in the premises." The Terminal Company gave notice to the tenant that it elected to terminate the lease and the tenant petitioned unsuccessfully for damages for the taking. Affirming, Chief Judge Holmes wrote in part: "Of course, any valid taking of the whole premises would put an end to the lease

\* \* \* and therefore the provision quoted must not be construed too literally in its application to the present case. The object is \* \* \* that the landlord can terminate the right of the tenant to share in the damages \* \* \*. Probably, if the clause had not dealt with the taking of a part as well as of the whole, and had referred only to a taking of the whole, it would have stipulated absolutely that the tenant's rights should end without requiring an election of the landlord. The election is necessary with reference to a partial taking."

 Under the circumstances, and after a further consideration of the matter, I think I was in error in my previous decision in attempting to distinguish these cases from those previously decided by me. The net result of the determination of the Supreme Court in the Petty Motor case is that there was an automatic termination of the lease on the taking, and as authority it cites the cases mentioned which cover instances of where there was an option and where no option was mentioned. Here, the taking was of the whole of the premises, and under the Goodyear Shoe Machinery Co. case there would seem to be no necessity for notice.

However, I think the evidence shows either that there was notice, or that the tenants acquiesced in the termination of their leases as if notice had actually been given.

The president of the Regan Office Furniture Corporation testified that before his company moved, it was notified of the Government's intention to take over the premises; that after it moved it did not pay any rent to the old landlord for any part of the balance of the period of the old lease; did not make any tender of payment of rent for any month subsequent to moving that he knew of; and did not receive any bill from the landlord for any such rent. He further testified that after receiving notice from the Government of its intention to condemn, the tenant's duties and obligations under the lease to its former landlord, and his obligations to the tenant, were at an end; that its relationship with the former landlord was on the basis that the lease had terminated; and that it did not contemplate paying any further rent for the old place.

The assistant treasurer of F. A. O. Schwarz testified that it was given notice of the Government's intention to take the building by condemnation in the early part of August 1944, in the form of copies of letters written by the Government to the landlord, and commenced to move around August 28, 1944; that his company did not pay the rent for the month of September 1944, nor any rent after the receipt of notice that the Government was going to take the property; that it was orally notified to that effect in the early part of August by agents for the landlord; that it did not receive any bill from the landlord for August; that it has not paid any rent since moving, has not tendered any, and has not received any bill for any. It considered that if the Government took the place over, its obligations and duties to the landlord had terminated, and assumed that the lease was at an end.

I think under the facts as stated, and the authorities cited, neither of these tenants has any claims and that their rights to any award, or to any portion of the award to the landlord, under the terms of their leases, ended upon the taking by the Government and the notice thereof which they received.

The motion of the owner of the building for the withdrawal of the $9,000 will also be granted.

Settle order on notice.