In the Matter of the CITY OF NEW YORK, Relative to Acquiring Title to Real Property Required for Harlem River Drive.

Supreme Court, Special Term, New York County, April 10, 1952.

*Thomas F. Kiely* and *Samuel Goldstein* for Muriel C. Pansy, petitioner.

*Denis M. Hurley, Corporation Counsel (Samuel K. Handel* of counsel), for City of New York.

EDER, J. Motion of petitioner for multiple relief is denied. Petitioner moves to expedite the instant condemnation proceeding to enable her to obtain a leasehold or fixture damage award; to fix the rental payable by her from September 1, 1950, the date of the expiration of her lease, the possession being now continued as a statutory tenant; to defer payment of past due and current rental until payment of a leasehold or fixture award to her; to consolidate with the instant condemnation proceeding a summary proceeding heretofore instituted against the petitioner by the City of New York for nonpayment of rent, and now pending in the Municipal Court, Manhattan, Seventh District, which summary proceeding is presently stayed pending decision on the instant application.

Upon the argument this court indicated that it was inclined to deny the relief requested but continued the motion to pass upon and determine the principal and basic question whether petitioner has any status at all as a claimant, in the situation disclosed.

After due study of the record and the briefs of counsel, and independent legal research, the court, after due consideration, has reached the ultimate conclusion that the motion should be denied.

Petitioner's claim is that she is entitled to an award for the structures, equipment and improvements erected or placed upon the land demised.

Petitioner was the lessee-assignee of a lease between the New York Central Railroad Company, as landlord, and the

Consolidated New York Coal Corp., as lessee, dated July 17, 1942, the term of which was extended to expire on August 31, 1950.

The facts are detailed in the papers and need but brief reference here.

Under the terms of the lease any award made in condemnation proceedings pertaining to the land was to belong solely to the landlord. That the tenant was not to share therein in any way is clearly indicated by the following provision: "It is agreed that if the whole or any part of the demised premises shall be taken or condemned by any competent authority for any public or quasi-public use or purpose, then and in that event the term of this lease as to the parts so taken or condemned shall cease and terminate from the date title vests in the condemnor for such use or purpose and without apportionment of the award."

In view of the presence of such a clause in the lease the petitioner, as a matter of law, could not share in any award (*United States* v. *Petty Motor Co.,* 327 U. S. 372, 375, 376). Indeed, the court does not understand that any claim is made by petitioner to any right to participate in any award made for the land.

If the court correctly comprehends the petitioner's position her claim is grounded on the premise that she is entitled to be compensated for the structures, equipment and improvements erected or placed upon the land by the tenant and that said structures, equipment and improvements were acquired by the city in this condemnation proceeding on August 16, 1950, when title to the land was acquired by the city by purchase from the New York Central Railroad Company, the fee-owner and landlord.

In the opposing papers, the affidavit of the Deputy Assistant Corporation Counsel contains the following unequivocal allegation: "4. The City of New York has not acquired or taken title to any structures, equipment and machinery belonging to petitioner".

This would seem enough, prima facie, to end the claim of petitioner to any award therefor.

It is petitioner's contention, however, that by virtue of the situation here, the city has acquired title to the said structures, fixtures and equipment as a result of the purchase of the land from the railroad company as fully and effectively as if acquired by means of this condemnation proceeding, and that such is

the legal result and effect thereof. On the other hand, the city's position is that the acquisition of title to the land came by purchase and not by condemnation; that such purchase is an independent transaction, even though associated with the condemnation proceeding; hence there is no award in condemnation to be made.

In sum, the petitioner's contention is reduced to this: That the structures, equipment and improvements erected and placed upon the land by the tenant have become an integral part thereof, inseverable; that the city must be deemed to have acquired, when purchasing the land, title to the structures, fixtures and equipment, as well, in the instant condemnation proceeding; that, in effect, the city's purchase was to all intents and purposes an exercise by the city of a power of condemnation resulting in a concurrent appropriation of her leasehold property rights.

In support of her premise petitioner refers to and relies on subdivision c of section B15–4.0 of the Administrative Code of the City of New York which reads as follows: " c. When a conveyance of the real property ceded or purchased shall have been approved and accepted, the city shall become vested with title to such real property so conveyed to the same extent and effect as if it had been acquired for the improvement by a proceeding had for that purpose."

The court is unable to see that this provision is of any significance or effect with respect to supporting petitioner's premise. For one thing, by the express provisions of subdivision b of section H41–13.0 of the Administrative Code the city is fully empowered to acquire by cession, purchase *or* condemnation land which may be necessary for improvement devoted to public use, which would include the right to purchase the land needed for the instant improvement. The conjunction " or " is used, the equivalent of " either," presenting alternatives, a choice. In other words to acquire title independent of a condemnation proceeding, i.e., by private purchase.

Since the city may acquire title by private purchase and independent of any condemnation proceeding, it is the view of the court that the provision in subdivision c of section B15–4.0 that where title is acquired by purchase title shall vest to the same extent and effect as if it had been acquired by condemnation, was intended merely to give to the title acquired by purchase the same solidity and firmness as results where title is acquired by condemnation in the exercise of the governmental power of

eminent domain and that its enactment did not contemplate conferring upon or vesting a claimant with any different or greater rights than he possessed or could assert were the title in the first instance acquired by means of a condemnation proceeding.

So much for the reasons for rejecting petitioner's contention relative to the reliance on subdivision c of section B15–4.0.

Secondly, the purchase of the land by the city was made subject to the existing lease and tenancy.

Under the lease the structures, equipment and improvements are required to be removed by the tenant at his own cost and expense and if not removed as therein provided the structures, equipment and improvements become the property of the landlord. They have not been removed by the tenant. In any event, from the very fact that the lease provides for their removal, it is patent that they were never intended to become an integral part of the land and fully and completely negatives the assertion of petitioner that they became inseparably interwoven with the land with the acquisition of the title thereto by the city's purchase thereof from the railroad company.

Lastly, as mentioned, and as set forth in the opposing affidavit, the city has never acquired or taken title to any structures, equipment and machinery belonging to the petitioner.

The court therefore fails to perceive any tenable legal basis for petitioner's claim of a right to an award for the structures, equipment and improvements referred to, and the motion is, accordingly denied, in its entirety. Stay vacated. Settle order.