Roy SHINAULT, Appellant,

v.

McLENNAN COUNTY, Texas, et al.,
Appellees.

No. 3656.

Court of Civil Appeals of Texas.

Waco.

Dec. 10, 1959.

Rehearing Denied Dec. 31, 1959.

John B. McNamara, Waco, Watson C. Arnold, Austin, for appellant.

Mixson & Haley, Sam Lanham, Waco, for appellees.

TIREY, Justice.

This is a condemnation case and is the second appeal. See McLennan County v. Shinault, Tex.Civ.App., 302 S.W.2d 728, n. r. e., for factual statement regarding the lease provisions and the severance order which we think are pertinent here. At the conclusion of the evidence the Court overruled McLennan County's Motion for Instructed Verdict and submitted the cause to the jury on one issue, and it is substantially:

"What amount of money, if any, do you find from a preponderance of the evidence, if any, was the reasonable cash market value of the improvements on that portion of the land actually taken by condemnors herein, on July 18, 1956?

"Answer: $5621.50."

In connection with the foregoing issue the Court instructed the jury:

"In arriving at your answer to the foregoing issue you will consider only the reasonable cash market value of said improvements considered as severed from the land."

Shinault did not object to the charge nor did he request any other issue. The Court overruled McLennan County's Motion for Judgment Non Obstante Veredicto and entered judgment in favor of Shinault on the verdict and Shinault seasonably filed his Motion for New Trial, and it being overruled perfected his appeal to this Court. McLennan County duly excepted to the judgment and gave notice of appeal and has cross assigned error. Shinault assails the judgment on three grounds, they are substantially to the effect that the Court erred:

(1) In charging the jury to the effect, "In arriving at your answer to the foregoing issue, you will consider only the reasonable cash market value of said improvements considered as severed from the land."

(2) In refusing to allow Shinault to recover damages for improvements as erected on the remainder of the property, which property the county did not take in condemnation but which improvements Shinault lost because of the county taking the front part of the property.

(3) In allowing the County Judge, the Honorable Bill Logue, to testify as to the price the improvements brought at the sale conducted by the county.

We shall direct our attention first to consideration of Appellant's Point 2. Appellant, in his 4th amended plea of intervention in paragraph 6, among other things specifically alleged the loss of five separate pieces of personal property; One was a shed, and he alleges the value to be $4,700; Two was a septic tank that he alleged to be of the value of $200; Three was a fence which he alleged sur-

rounded the entire tract and alleged the reasonable market value to be $1,650; Four, the water well with water pipes and lines leading from the well to the buildings on the property, and that he had constructed a small house over the well, and he alleged the reasonable market value of the entire improvements relating to the well to be $850; Five that he had a painted sign on the property that was of the reasonable market value of $200. In paragraph 7 he alleged each item as alleged was of the reasonable market value on July 18, 1956, at the time the condemnor took the property. The condemnor urged certain special exceptions to the items of damages set out in paragraph 6; said exceptions being grounded on the theory that the part of the improvements remaining on the part of the leased property that was not taken in the condemnation proceedings was not in anywise damaged by the condemnors, and that intervenor's property on his leasehold interest not taken did not constitute a loss to the intervenor and they prayed that all of paragraph 6 be stricken, and the Court sustained such exception at a pre-trial hearing, to which Shinault duly excepted. Attorneys for intervenor tendered testimony as to the losses he sustained to the improvements located on the leasehold interest not taken. The Court sustained condemnor's objection to this testimony, and for the purpose of perfecting his bill of exceptions to the Court's action in this matter tendered testimony outside of the presence of the jury as to the reasonable cash market value of each of the items of personal property above referred to when sold to a person willing to purchase, but not obligated to do so, and where the seller was willing to sell, but not obligated to do so, as of July 18, 1956, which was the date condemnor took the property. We think the action of the Court in sustaining the condemnor's special exceptions to paragraph 6 and striking it in toto and in refusing to let appellant tender testimony as to the damages he claimed to have sustained to his improvements on the leased

property not taken, was error, and that it will require a reversal of this cause for reasons which we shall hereafter briefly state.

Our Supreme Court in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, and 979, (Com. of Appls.,) opinion adopted, and particularly on motion for rehearing, 89 S.W. 2d at page 980, made the following statement of the Rule which is controlling here:

"It is a general rule that improvements situated upon the portion of land taken are to be considered as a part of the realty. They ordinarily have no market value separate from the land. Therefore, when such improvements are taken or destroyed their value can be reflected in the finding as to the value of the land taken, and evidence of their value is admissible for that purpose. As an alternative, however, if the improvements which are situated upon the portion of land taken are essential to the use and enjoyment of the remainder of the land, or if their replacement, by removal or reconstruction, is necessary in order to obviate depreciation in the value of the residue, the cost of removal, and/or reconstruction and/or replacement may be a proper inquiry in connection with the issue of diminished market value of the remainder."

Our Supreme Court has not seen fit to change this Rule. It is true that paragraph 11 of Shinault's lease provided:

"If the property subject to this lease, or any part thereof, shall be taken through the right of eminent domain, lessee shall have no right or interest in the proceeds received by the lessor in such condemnation, or such property taken. However, in the event any of the demised premises shall be taken as hereinabove mentioned and proceeds received for the removal of improvements thereon, or damages to such improvements, then and in that event

such amount or amounts received as damages or for the removal of property shall belong to the lessee and paid directly to him. If condemnation results in taking only a part of the demised premises, this lease contract and agreement shall remain in full force and effect so long as the remaining portion thereof is capable of being used for the purpose of which lessee had heretofore used such property, with a reduction in the rental price proportionate to the decreased utility to the land remaining."

It is also true that prior to the trial of this case as it affected appellant, Shinault, the parties thereto, including the lessor, Shinault, and McLennan County and others not pertinent here, agreed to a severance order in order to separate the landlord's interest from that of Shinault. This severance order contained the following provisions:

"* * * that Roy Shinault is a tenant-lessee under and by virtue of that certain lease agreement executed on the 18th day of January, 1952 between Russell E. Failing and Roy Shinault, a copy of which agreement has been filed herein and considered by the Court and under which agreement Russell E. Failing, as owner of the fee title to said property, is entitled to recover all proceeds in this condemnation proceeding except proceeds recoverable for the removal of improvements or damages to improvements upon such property, which latter proceeds are reserved to Roy Shinault, lessee."

Bearing in mind the Rule of law stated heretofore quoted from our Supreme Court, and bearing in mind the provisions in the leasehold agreement here set out, and bearing in mind the provisions contained in the severance order, we think without question that Shinault had a right to show what damages, if any, he had sustained to the improvements he had placed on the remaining leasehold interest not taken. Needless

to say, Shinault was not entitled to recover any damages because he was unable to operate the leasehold interest for the remainder of his lease, because he made his lease agreement with full knowledge of the fact that the property or part of it might be condemned as shown by the provisions which we have quoted. Moreover, the agreement as to Shinault's damages fixed in the severance order is without doubt binding upon him because unless he was willing to be bound by the terms provided in the severance order he should not have agreed to it, and it is now too late for him to complain with reference to the terms stated in said order; however, it is clear to us that Shinault under the lease agreement as well as under the severance agreement was entitled to recover for such damages (if any) as he could show resulted by the taking to the improvements which he had placed upon the property, (both on the part taken and on the part not taken), and we think his damage in this behalf would be on the basis of market value as defined by the Court as they existed on July 18, 1956, the date that the condemnor took possession of the strip condemned, and of course, the jury could not consider the value of the land in connection with the improvements.

■ It is true that appellant did not file any objections to the Court's Charge, nor did he request any other issues, but due to the fact that the Trial Court had stricken his allegations as to the damages he alleged he had sustained to the improvements on the property not taken, and in view of the fact that the Court had sustained objections of the condemnor to the tender of any testimony with reference to the damages to the value of the improvements on the leasehold interest not taken, we do not think appellant should be penalized for not making further objection to the Court's Charge in this behalf. Rule 279, Texas Rules of Civil Procedure provides in part:

"When the court submits a case upon special issues, he shall submit the con-

trolling issues made by the written pleadings and the evidence."

It follows that since the Court had stricken appellant's pleadings wherein he sought to tender an issue as to the damages he had sustained by virtue of the taking to the improvements remaining on his leasehold interest not taken, and the Court had likewise sustained objections to the testimony he offered in this behalf, it would have been useless for the appellant to have objected to the charge in this behalf, because the only issue made by the pleadings and the testimony under the Court's ruling was the value of the improvements taken on the property actually condemned. However, the foregoing factual situation did not relieve the appellant from the duty of objecting to the instruction the Court gave in connection with Special Issue No. 1, wherein the Court instructed the jury:

"In arriving at your Answer to the foregoing issue you will consider only the reasonable cash market value of said improvements considered as severed from the land."

Appellant's Third Point is:

"The Court erred in allowing County Judge, Bill Logue, to testify as to the price the improvements brought at the sale conducted by the County."

In the Transcript we find substantially the following order: At a pre-trial hearing of this cause came on to be considered the Motion of Shinault for instruction to counsel for County of McLennan, and the witnesses for such county, especially County Judge, Bill Logue, that no evidence be offered or introduced with respect to the sale of the 20' x 50' building by County of McLennan at public sale, and the Court, after hearing and considering such Motion, is of the opinion that the same should be overruled, and it is overruled. Shinault duly excepted to the action of the Court.

On trial Judge Logue was tendered as a witness, and among other things testified to the effect that he was County Judge on July 18, 1956, which was the time the property was condemned; that he was familiar with the Shinault property; that in selling the Shinault property he advertised it for sale in the Waco News-Tribune and Times-Herald, two local daily papers; that the notice reserved all right to reject all offers made for the property at the time of the sale; that the property was advertised for sale as to be severed from the land. Judge Logue testified in part:

"Q. I will ask you to state whether or not you know the reasonable cash market value of improvements severed from the real estate on July 18, 1956, and before and subsequent to that time?

"A. Yes, Sir." * * *

"Q. Now, Judge Logue, I will ask you, if you will, to tell us the amount of money that building was sold for on that occasion?" * * *

At Mr. McNamara's request the Court withheld his ruling and permitted Mr. McNamara to take the witness on voir dire examination and he asked him in part:

"Q. Do you recall whether the person who purchased the building, and the others who were bidding on the building there at the time, were advised that the building would have to be moved from the place where it had been sitting?

"A. Yes, Sir.

"Q. It was a condition of the sale then, if you bought this building you would have to move it?

"A. That is correct."

Thereafter, the Court overruled the objection to Judge Logue's testimony and permitted Judge Logue to testify:

"Q. Will you tell what the building sold for on that occasion?

"A. If I remember correctly, it sold for $610.00." * * *

Appellant, Shinault, contends in effect that Judge Logue's testimony violates the Rule announced by our Supreme Court in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, and 979, (Com.Appls. opinion adopted) and the opinion of this Court in Breithaupt v. State, 321 S.W.2d 361 (NRE) and cases there cited. We are in accord with this view, and appellant's objections to this testimony should have been sustained. It is our view that Shinault was entitled to prove and recover the reasonable cash market value of these improvements as of the time of the taking, same being July 18, 1956, and was not limited to the reasonable cash market value of the improvements severed from the land. (Since Appellant did not object to the Court's Charge his Point 1 is overruled). It follows from our views here stated that this cause must be reversed and remanded. For the errors discussed, the cause is reversed and remanded.

WILSON, J., not sitting.